**LI YING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–4638–ag.

United States Court of Appeals, Second Circuit.

July 16, 2008.

Li Ying Chen, pro se, New York, NY.

Gregory G. Katsas, Acting Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Ying Chen, a native and citizen of China, seeks review of the September 28, 2007 order of the BIA denying her motion to reopen. *In re Li Ying Chen*, No. A78 412 192 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Motions to reopen are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. As the BIA noted, its prior decision was issued in February 2003, but Chen did not file her motion until October 2006, well beyond the 90–day deadline.

*See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, as the BIA found, Chen's motion did not qualify for such an exception. It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Furthermore, the BIA correctly found that Chen failed to submit any evidence demonstrating changed country conditions in China. 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying the untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).